ELECTRONICALLY FILED - 2018 Mar 21 12:00 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0400566

| | |
|---|---|
| STATE OF SOUTH OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF ANDERSON ) | TENTH JUDICIAL CIRCUIT |
| ) | |
| Joe Ann Wesley Lee, ) | |
| ) | C.A. No.: _____ |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **COMPLAINT** |
| Quick Credit Corporation d/b/a/ Southern ) | |
| Management Corporation; Southern Management ) | *Jury Trial Requested* |
| Corporation d/b/a Quick Credit; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, brings this complaint by and through her undersigned counsel against the above-named Defendants based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff which are based upon Plaintiff's personal knowledge, and shows this Court as follows:

### INTRODUCTION

1. This action arises out of Defendants' illegal collection conduct and telephone harassment of the Plaintiff whereby Defendants willfully violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et. seq.* and the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code § 39-5-20, as well as additional South Carolina law.

### PARTIES & JURISDICTION

2. Plaintiff, Joe Ann Wesley Lee is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, a citizen of, and residing in, Anderson County, in the State of South Carolina.

ELECTRONICALLY FILED - 2018 Mar 21 12:00 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0400566

3. Defendants, Quick Credit Corporation d/b/a Southern Management Corporation and Southern Management Corporation d/b/a Quick Credit, are corporations engaged in the business of extending and collecting debts in this state with their principal place of business located in South Carolina; Defendants' registered agent address is C T Corporation System, 2 Office Park Court Suite 103, Columbia, South Carolina, 29223.

4. At all relevant times, Defendants acted through their duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

5. The most substantial part of the alleged acts and omissions giving rise to the causes of action took place and occurred in Anderson County, South Carolina.

6. Jurisdiction and venue are proper in this Court pursuant to S.C. Code Ann. 36-2-803(A), (1), (2), (3), (4) and (7).

**FACTUAL BACKGROUND**

7. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

8. Sometime before June of 2017, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt'.

9. Upon information and belief, sometime before June of 2017, Plaintiff allegedly incurred a financial obligation to Defendants that was primarily for personal, family, or household purposes and is therefore a 'debt'; at some point Defendants began making attempts to collect the alleged debt.

10. Within one year prior to the filing of this complaint, Defendants began contacting Plaintiff and placing collection calls to Plaintiff seeking and demanding payment for the alleged consumer debt owed.

11. Defendants called Plaintiff on her cellular telephone number ending in XXX-XXX-7071, seeking and demanding payment for an alleged debt, after she already told Defendants to stop calling her.

12. On several occasions Plaintiff answered the phone calls from Defendants but was unable to speak with a live person - only an automated telephone system.

13. The volume of repeated phone calls to Plaintiff distracted her from her work and robbed her of invaluable time with her family.

14. Plaintiff has asked Defendants to stop calling her cell phone and thereby revoked any consent to receive such calls on her cell phone.

15. Despite Plaintiff's requests and revocation of consent to receive such calls, Defendants continue to call Plaintiff's cell phone using automated telephone dialing technology and leave artificial, prerecorded voice messages subject to TCPA restrictions.

16. Defendants intentionally took these actions and made such statements to Plaintiff knowing that such actions would cause Plaintiff embarrassment, angst, grief, unhappiness, and distress and thereby Defendants' efforts to collect the alleged debt were intentionally designed to bully and harass her into making payment.

17. Defendants' conduct not only violated the law but was intended to, and did disrupt Plaintiff's privacy and solitude, harmed her reputation, and caused Plaintiff severe anxiety, emotional distress, and embarrassment.

ELECTRONICALLY FILED - 2018 Mar 21 12:00 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0400566

ELECTRONICALLY FILED - 2018 Mar 21 12:00 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0400566

## FIRST CAUSE OF ACTION
### TCPA Violation

18.     Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.     Upon information and belief, each of the telephone calls to Plaintiff from Defendants were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator, and the capacity to dial numbers pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A).

20.     Each call Defendants placed to Plaintiff's cell phone was done so without Plaintiff's express consent and in violation of the TCPA § 227(b)(1)(A)(iii).

21.     Plaintiff revoked any consent to Defendants' calls to her cell phone and yet Defendants continued to call her cell phone after his revocation.

22.     Not one of Defendants' calls to Plaintiff's cell phone were for emergency purposes.

23.     Plaintiff is informed and believes that Defendants knowingly and willfully committed the above violations of the TCPA multiple times.

24.     Plaintiff is entitled to statutory damages of $500.00 per violation pursuant to the TCPA § 227(b)(3)(B).

25.     Plaintiff is informed and believes that she is entitled to recover $1,500 per violation of the TCPA plus such other damages, penalties, costs and attorney fees pursuant to the TCPA § 227(b)(3).

26.     Plaintiff is further entitled to, and requests, injunctive relief requiring Defendants to cease

and desist any future calling activity and to award a penalty in the amount of $1,500 per TCPA violation, plus fees, costs, and such other relief as is just and proper.

## SECOND CAUSE OF ACTION
### South Carolina Unfair Trade Practices Act Violation

27. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Defendants' conduct constitutes "trade" or "commerce" as defined by the SCUTPA § 39-5-10(b).

29. The intentional conduct by Defendants constitutes unfair and deceptive practice in the conduct of trade or commerce as prohibited by the SCUPTA and thereby Defendants willfully committed violations of the SCUPTA.

30. The acts and omissions by Defendants have substantial potential for repetition that necessarily affects the public interest of the citizens of South Carolina.

31. Upon information and belief, the acts and omissions by Defendants described in this complaint have been repeated and there are numerous other lawsuits pending against Defendants alleging similar violations.

32. As a direct and proximate result, Plaintiff suffered an ascertainable loss due to the unlawful actions by Defendants and Plaintiff is entitled to recover actual damages in an amount to be determined at trial, treble said damages, and an award of attorney fees and costs.

## THIRD CAUSE OF ACTION
### Invasion of Privacy

33. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

ELECTRONICALLY FILED - 2018 Mar 21 12:00 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0400566

ELECTRONICALLY FILED - 2018 Mar 21 12:00 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0400566

34.     Plaintiff had a right and an expectation to privacy regarding her personal finances.

35.     The status of Plaintiff's finances is private and of no legitimate concern to the public. Defendants invaded Plaintiff's privacy through the wrongful intrusion into Plaintiff's private activities.

36.     The conduct of Defendants was committed in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities.

37.     Defendants' intrusion was substantial and unreasonable.

38.     Defendants' intrusion was intentional.

39.     As a direct and proximate result of the foregoing, Plaintiff is damaged, and Plaintiff is entitled to recover actual, consequential, and punitive damages to be determined by a jury at trial.

## FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

40.     Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41.     The conduct of Defendants in contacting Plaintiff indicating she had fallen behind on payments in an effort to harass and therefore induce Plaintiff's payment was conduct intended to inflict emotional distress on Plaintiff, and Defendants knew or should have known that emotional distress was likely to be the result of the conduct.

42.     The conduct of Defendants was extreme and outrageous, beyond all possible bounds of decency, and was utterly intolerable in a civilized community.

43.     Defendants' tactic of calling Plaintiff could only be intentional bullying and harassment as an implied threat that if Plaintiff did not make timely payment, Defendants would continue to

contact Plaintiff and intentionally embarrass and humiliate her by indicating she had fallen behind on payments, thereby making threats to destroy her reputation and credit. Such conduct is unconscionable, extreme and outrageous given Plaintiff's history of timely payments to Defendants and history of keeping Defendants apprised of his accurate, up-to-date contact information.

44. As a direct result of the conduct by Defendants, Plaintiff suffered severe emotional distress, anxiety and depression.

45. Consequently and pursuant to South Carolina law, Plaintiff is entitled to recover actual, consequential, and punitive damages to be determined by a jury at trial.

## DEMAND FOR JURY TRIAL

46. Please take notice that, pursuant to the U.S. Constitution Amendment 7 and Fed. R. Civ. P. 38, Plaintiff demands trial by jury in this action on all his causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this honorable Court to enter judgment against Defendants for the following:

a. declaratory judgment that the conduct of Defendants violated the TCPA, an award of $1,500 per violation of the TCPA plus such other damages, penalties, costs and attorney fees pursuant to the TCPA § 227(b)(3), or in the alternative, an award of statutory damages of $500.00 per violation plus such other damages, penalties, costs and attorney fees pursuant to the TCPA § 227(b)(3), and an injunction prohibiting Defendants from contacting Plaintiff on her cell phone using an automated telephone dialing system;

b. declaratory judgment that the conduct of Defendants violated the SCUTPA, an award of

actual damages in an amount to be determined at trial, treble damages for willfully and knowingly violating the SCUTPA, and attorney fees and costs pursuant to § 39-5-140;

c. declaratory judgment that the conduct of Defendants was negligent and/or grossly, wanton and reckless, in violation of South Carolina law, and as a direct and proximate result of Defendants' negligence and/or gross negligence, an award of actual, consequential, and punitive damages in an amount to be determined by a jury at trial;

d. declaratory judgment that the conduct of Defendants violated South Carolina law as an invasion of privacy, and as a direct and proximate result of Defendants' conduct, an award of actual, consequential, and punitive damages in an amount to be determined by a jury at trial;

e. declaratory judgment that the conduct of Defendants violated South Carolina law as an intentional infliction of emotional distress, and as a direct and proximate result of Defendants' conduct, an award of actual, consequential, and punitive damages in an amount to be determined by a jury at trial; and

f. an award for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

NORSWORTHY LAW, LTD. CO.

*s/ Kenneth E. Norsworthy, Jr.*
Kenneth E. Norsworthy, Jr., SC Bar No. 101823
505 Pettigru Street
Greenville, SC 29601
(864) 804-0581
kenorsworthy@me.com

Greenville, South Carolina
March 1, 2018